RECEIVED
NOV 0 5 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| RAYMOND DAVIS | CIVIL ACTION NO: 12-2755 |
| VERSUS | JUDGE DONALD E. WALTER |
| WAL-MART STORES, INC. | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the Court is a motion for summary judgment filed by Defendant Wal-Mart Louisiana, LLC ("Wal-Mart") seeking dismissal of all of Plaintiff's claims in the above-captioned suit. [Doc. 14]. For the reasons expressed below, Wal-Mart's motion is hereby **GRANTED**.

## I. BACKGROUND

This case arises out of a workplace altercation between Plaintiff Raymond Davis ("Davis") and a subordinate associate at a Wal-Mart store in West Monroe, Louisiana. Davis began working at Wal-Mart in May 1994 and had risen up the ranks to shift manager, the position he held at the time of the dispute at Wal-Mart's West Monroe store. On May 1, 2011, Davis was involved in a verbal altercation with a subordinate associate named Candace Glosson; the dispute quickly escalated and resulted in Davis forcibly removing Ms. Glosson's name tag from her clothing.[1] Ms. Glosson claimed that she was injured during the altercation and sought treatment at a local emergency room.

---

[1] Doc.1; Doc. 14-6, Exh. A at pp. 84-87. Specifically, Ms. Candace Glosson had a packet of candy protruding from a pocket on her shirt. Davis then instructed Ms. Glosson to remove the candy due to possible health inspection violations but she ignored his instructions. Heated words were exchanged between the two and resulted in Ms. Glosson's name tag being forcibly removed by Davis.

1

Ms. Glosson subsequently filed a criminal assault charge against Davis stemming from the incident.[2]

On May 2, 2011, Davis advised store manager Stacy Martin about the events that transpired the previous day. Shortly thereafter, Wal-Mart initiated an investigation of the incident; the investigation was conducted by the store manager Stacy Martin and several other managers. After the investigation, Wal-Mart management concluded that Davis had violated Wal-Mart's Workplace Violence Policy ("workplace violence policy"). The workplace violence policy aims to protect Wal-Mart workers from any type of workplace violence, including threats of violence, intimidation, or physically aggressive behavior.[3] Based on the conclusion that he violated the workplace violence policy, Davis was terminated on May 6, 2011. Davis then sought an "Open Door" appeal of his termination; after considering Davis' case on appeal, Wal-Mart management upheld his termination.

On January 11, 2012, Davis filed a charge of age discrimination with the Equal Opportunity Commission ("EEOC"), alleging that his termination was because of his age; Davis was 46 at the time of the altercation and termination. On July 30, 2012, the EEOC issued a no cause determination and dismissed Davis' charge. On October 24, 2012, Davis filed suit alleging that his termination was in violation of the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, *et seq.*, and the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:301, *et seq*. On July 15, 2013, Wal-Mart filed the motion for summary judgment [Doc. 14] now before this Court; Davis opposes this motion [Doc. 22].

---

[2] Doc. 14-6, Exh. H-K.

[3] Doc. 14-6, Exh. B (Wal-Mart's Workplace Violence Policy). The policy also includes "potentially violent situations with any individual, including other associates, Supervisors, Suppliers, Customers, or Members."

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4]  A fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. *Id.* The court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mutual Auto Insurance Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309 (5th Cir. 1999). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325; *Lawrence*, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine dispute as to a material fact. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). This burden is not satisfied with some

---

[4] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this court will rely on it accordingly.

3

metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement of the material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

## III. DISCUSSION

### 1. Overview of ADEA and LEDL Framework

The ADEA declares it unlawful for an employer "to discharge any individual or otherwise discriminate against an individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA expressly applies only to a "protected class" of individuals who are age forty (40) or older. *See* 29 U.S.C. § 631(a). The LEDL prohibits identical conduct, using identical language, and also applies to individuals who are age forty (40) or older. *See* La. R.S. 23:311–312. Given that the LEDL mirrors the ADEA, courts apply federal precedent to LEDL claims, analyzing both types of claims under the

4

burden-shifting framework enunciated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[5] Under this framework, to establish a prima facie case of age discrimination under the ADEA and LEDL, Davis must show that (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a younger employee or treated less favorably than other similarly situated employees outside the protected class.[6]

If plaintiff is able to demonstrate a prima facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the employment decision at issue.[7] If defendant is able to articulate such a reason, the burden shifts back to plaintiff to show that the reason proffered by defendant is merely pretext for an impermissible animus. Importantly, a plaintiff asserting an age discrimination claim under the ADEA bears the ultimate burden of persuasion and must convince the trier of fact that defendant engaged in intentional discrimination based on age. In other words, plaintiff must demonstrate that age was the "but-for" cause of the employment decision at issue.[8]

## 2. Whether Davis Has Established a Prima Facie Case of Age Discrimination

Wal-Mart argues that Davis cannot establish a prima facie case of age discrimination. The

---

[5] *See O'Boyle v. La. Tech Univ.*, 741 So.2d 1289, 1290 (La.App. 2 Cir.1999) (noting that because the Louisiana Act mirrors the federal ADEA, federal precedent should apply).

[6] *See St. Mary's Honor Cntr. v. Hicks*, 509 U.S. 502 (1993); *Jackson v. Cal–Western Packaging Corp.*, 602 F.3d 374, 378 (5th Cir.2010); *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 349 (5th Cir.2007); *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir.2004); *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 576 (5th Cir.2003); *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir.1993).

[7] *Id.*

[8] *See Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009); *Moss v. BMC Software, Inc.*, 610 F.3d 917 (5th Cir.2010); *Ligon v. LaHood*, 614 F.3d 150 (5th Cir.2010).

court disagrees and finds that Davis has successfully demonstrated a prima facie case under federal and state anti-discrimination law because he has shown that he was a member of a protected class (older than 40 years of age at the time of the incident), he was qualified to perform the duties at issue, and he was subjected to an adverse employment action when he was terminated. The prima facie issue before the court thus hinges on the fourth factor of the analysis. Under the fourth factor, Davis must show that he was either (a) replaced by someone outside the protected class; (b) replaced by someone younger; or (c) otherwise discharged because of his age. *See Palasota*, 342 F.3d at 576-75. In Davis' amended complaint, he alleges that Wal-Mart intentionally classified him in a manner that was provided to other younger employees similarly situated.[9] Further, Davis' opposition to this summary judgment states that he was replaced by a 25 year old employee named Brandon Pollard. [Doc. 22].

This court expressly rejects Wal-Mart's work rule violation argument with respect to the prima facie issue. Specifically, Wal-Mart argues that because this case involves an "in work-rule" violation, Davis must show that he either did not violate the rule or that, if he did, employees outside the protected group were not punished similarly for the same work rule violation. *See Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 304 (5th Cir.2000). Although Davis does argue in his opposition to this motion that the workplace violence policy was not enforced against Ms. Glosson, a prima facie case is still satisfied because of the other assertions that Davis has made discussed earlier.[10] Accordingly, Davis has satisfied the minimal burden required by *McDonnell Douglas* to

---

[9] Doc. 11 at ¶ 16.

[10] Doc. 22 at p. 9; Doc. 14-6, Exh. A at pp. 173-76. Here, Davis explains that he believes he was "probably" terminated because of his age and a desire to replace him with someone younger, specifically a 25 year old employee named Brandon Pollard.

make out a prima facie case of age discrimination.

### 3. Whether Wal-Mart Had a Legitimate, Non-discriminatory Reason for Terminating Davis

Having determined that Davis has, theoretically at least, demonstrated a prima facie case of age discrimination, this court now considers whether Wal-Mart has proffered a legitimate, non-discriminatory reason for terminating Davis. This court finds that Wal-Mart has made such a showing. In a nutshell, Davis was terminated because management determined, after an investigation, that he violated the workplace violence policy. As noted earlier, the workplace violence policy aims to protect Wal-Mart workers from any type of workplace violence, including threats of violence, intimidation, or physically aggressive behavior. Davis' deposition testimony and other evidence confirmed that Davis pulled the name tag off of Ms. Glosson's shirt during a heated exchange; the investigation into this matter by several managers held that Davis violated the workplace violence policy.

Considering the legitimate, non-discriminatory reason for the termination of Davis, we must now determine whether Davis is able to demonstrate that the proffered reason is merely pretext for impermissible age-based discrimination under the *McDonnell Douglas* framework.[11] Davis argues that the application of the workplace violence policy demonstrates a pretext for discrimination. However, Davis acutely fails to show that Wal-Mart's enforcement of the policy demonstrates even a marginal degree of pretext. Instead, the record shows quite the opposite. Wal-Mart presents evidence regarding eleven different employees who were terminated at the store for various violations of the workplace violence policy.[12] Wal-Mart notes that out of the eleven employees

---

[11] *See Moss*, 610 F.3d at 922-23.

[12] Doc. 14-6, Exh. P.

7

terminated for violating the policy, nine of the individuals were in their twenties, one was in his mid-thirties, and only one was over the age of forty. The application of the policy certainly does not evince an ageist agenda.

Davis further contends that none of the eleven workers who violated the policy did so in a manner consistent with the application of the policy toward Davis. To support this argument, Davis notes that he was a 17-year veteran employee, a member of senior management, and had a good work history and performance rating with the store. However, several factors undermine Davis' argument that pretext can be shown. First, Davis admits in his deposition that Wal-Mart has consistently enforced its policies regarding workplace violence and discrimination.[13] In fact, during his deposition, Davis could not recall any time Wal-Mart had not complied with its workplace policies over the course of his lengthy employment at Wal-Mart.[14] Similarly, market manager Robbie Henslee stated that he was not aware of anyone that was found to have violated the workplace violence policy that was not terminated.[15] Second, Davis admits that pulling the name tag off of Ms. Glosson's shirt would constitute a violation of the workplace violence policy.[16] Third, as already noted, Wal-Mart correctly points out that the eleven workers who violated the policy were terminated which demonstrates that Wal-Mart strictly complies with its workplace violence policy. Even if there is any

---

[13] Doc. 14-6, Exh. A at pp. 60-62.

[14] *Id.* at pp. 66-67. Davis later cites one possible example where the discrimination policy was not strictly followed but maintains that he cannot recall one concrete incident where Wal-Mart has deviated from its policies, notably the workplace violence policy. *Id.* at pp. 67-69; 76; 282-83.

[15] Doc. 14-6, Exh. P.

[16] Doc. 14-6, Exh. A at p. 149.

inconsistency in the application of the policy used against managers versus associates, this court will not second guess Wal-Mart's decision to hold managers to a higher standard than associates as long as there is no evidence of impermissible discrimination.

Davis also avers that pretext can be shown because the workplace violence policy was not used to terminate Ms. Glosson after the heated exchange.[17] Again, Davis does not demonstrate that Wal-Mart's decision establishes pretext nor does he raise any reasonable inference of age-based discrimination. Moreover, Davis' actions during the altercation were demonstrably more severe than those of the subordinate. The question in any discrimination case is not whether defendant's decision to fire plaintiff was correct but whether it was discriminatory.[18]

In a futile attempt to avoid summary judgment, Davis attempts to present scattershot facts to this court in the hopes that we loosely infer that he must have been fired due to his age. The record strongly supports the conclusion that Davis was *only* fired because he violated Wal-Mart's workplace violence policy. Importantly, Davis has not brought forward any evidence to suggest that discriminatory animus motivated Wal-Mart's investigation of the altercation and subsequent decision to fire the Plaintiff. Likewise, there is virtually no evidence of ageist comments or actions during the course of Davis' lengthy employment with Wal-Mart, or any other evidence that could remotely support an inference of age discrimination.

In sum, considering the evidence as a whole, and viewing all of the evidence in the light most favorable to Davis, no reasonable jury could find that Davis' age was the but-for reason for his

---

[17] Doc. 22 at p. 9.

[18] *See Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir.1995) ("The question is not whether an employer made an erroneous decision; it is whether the decision was made with discriminatory motive.").

termination, let alone that age played any role in Wal-Mart's decision to terminate Davis' employment. Ultimately, there is no genuine dispute as to any material fact that militates against granting summary judgment in this case.

## CONCLUSION

For the reasons assigned herein, the motion for summary judgment filed by Wal-Mart [Doc. 14] is hereby **GRANTED**.

**THUS DONE AND SIGNED**, this 5th day of November, 2013.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE